IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**MARIA TOWERY**                                                             **PLAINTIFF**

**V.**                      **CASE NO. 3:18-CV-44-DPM**

**MISSISSIPPI COUNTY ARKANSAS
ECONOMIC OPPORTUNITY
COMMISSION, INC.**                                        **DEFENDANT**

## PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

On this 24th day of April, 2019, the Court reviewed the Joint Motion for Protective Order filed by the parties, and makes the following Order:

1. Confidential Information, as later defined, and produced by either party or pursuant to a release of employment or medical records in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as defined.

2. Confidential Information shall include, without limitation:

   a) Those personnel files, applications, job descriptions, rates of pay, policies, training materials, insurance coverage information, benefits information, financial information, proprietary information, and recruiting information.

   b) Any information concerning the matters in 2(a) as may be, from time to time, produced by the parties and declared by the party at the time of production to be "Confidential Information" and subject to this Order. This designation must be in writing and may be by letter of transmittal to the party.

1

240283

3. Except with the prior written consent of the party or pursuant to further Order of this Court on motion with notice to the party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the parties, any current or future counsel of record for the parties in this action, and secretaries, paraprofessional assistants, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action. The parties agree that Confidential Information will not be disclosed to anyone, unless used for the purpose of trial preparation, depositions, or trial proceedings. The parties agree that if Confidential Information is disclosed during trial preparation or depositions, the parties will advise the recipient of the information that he/she must keep the information confidential except during depositions or the actual trial proceedings. The parties specifically agree that Confidential Information contained in the personnel files of current or former employees will not be disclosed to anyone, unless used for the purpose of trial preparation, depositions or the actual trial proceedings.

4. Upon receipt of Confidential Information from opposing counsel, the party receiving the Confidential Information shall execute and return to opposing counsel a document entitled "Inventory of Confidential Documents Received" in the form affixed hereto as Exhibit A.

5. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall be binding throughout this case, and one year after it ends, including any appeals. Thereafter, the obligations of this Order shall continue, but shall be solely a matter of contract between the parties and Qualified Persons. At the conclusion of this action, including all appeals:

    a) One year after the conclusion of this case, counsel must destroy the confidential information. Counsel must also take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part, by requesting the return of all copies

2
240283

of such Confidential Information and paying reasonable expenses for the return of the documents. But the Plaintiff's counsel and Plaintiff shall be entitled to keep a copy of Confidential Information deemed to be work product as agreed to by the parties.

b) Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this case.

6. Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

7. In the event that either party disputes whether a document is confidential, Counsel should confer in good faith in person before bringing any dispute to the Court. If the parties cannot resolve the dispute themselves, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing.

8. Information designated as "Confidential" must not be filed on the public docket. If practicable, it should be redacted. FED. R. CIV. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under

3

240283

seal. The moving party must justify sealing with specifics and solid reasons including an explanation about why redaction cannot be done.

9. No item shall be deemed "Confidential" if it has been made public by the producing party, is generally known throughout the trade and public, or comes to be known to the receiving party through means not constituting breach of any propriety or confidential relationship or obligation or breach of this Order.

IT IS HEREBY SO ORDERED.

_____
D.P. Marshall Jr.
U. S. DISTRICT JUDGE

240283

# EXHIBIT A
## INVENTORY OF CONFIDENTIAL DOCUMENTS RECEIVED

    I hereby acknowledge receipt of the following documents, document pages, and/or depositions which are subject to the Protective Order for the protection of documents in **MARIA TOWERY V. MISSISSIPPI COUNTY ARKANSAS ECONOMIC OPPORTUNITY COMMISSION, INC., CASE NO. 3:18-CV-44-DPM** (list all documents, pages, and depositions received):

DATE: _____

_____
Attorney Signature

5
240283